## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| HOWARD G. JACKSON, JR.; HOWARD G. JACKSON, SR.; and LIZ MOORE, Mother, | Case No. 19-cv-1429 (NEB/ECW) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| DEPARTMENT OF HUMAN SERVICES; DEPARTMENT OF PUBLIC SAFETY; ST. PAUL POLICE DEPARTMENT; AMY KLOBUCHAR, Senator; MELISSA HORTMAN, Congress House Speaker Leader; TINA SMITH; RYAN WINKLER; LIZ OLSON; JAMIE BECKER FINN; and PUBLIC HOUSING – GRH HOUSING – HUD HOUSING, | |
| Defendants. | |

Plaintiff Howard G. Jackson, Jr., seeks to prosecute this action on behalf of himself, his mother, and his father, alleging multiple violations of his federal constitutional and statutory rights. Jackson did not pay the filing fee for this matter, but instead applied for *in forma pauperis* ("IFP") status. (*See* Dkt. 2.) That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

This Court concludes that Jackson *himself* qualifies financially for IFP status. That said, "if multiple plaintiffs seek to proceed *in forma pauperis*, each plaintiff must

1

qualify for IFP status." *Anderson v. California*, No. 10 CV 2216 MMA (AJB), 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010). The IFP application submitted by Jackson includes no information regarding the financial status of his father and mother, and thus it is impossible to say whether those litigants also qualify for IFP status. And if those litigants do not qualify for IFP status, then Jackson does not qualify either, at least so long as his parents remain plaintiffs to this action.

This gets to a larger problem that affects Jackson's filings as a whole. Jackson is not an attorney registered to practice law in this District and, as such, cannot prosecute claims on other litigants' behalf. But Jackson's parents, who are listed as co-plaintiffs to this action, appear (at most) to be passive bystanders to the litigation. As explained above, no financial information about those individuals is provided on the IFP application. Of the many documents filed in this action, only the complaint has been signed by more than one litigant — and that pleading omits the signature of putative plaintiff Liz Moore, Jackson's mother. (*See* Dkt. 1 at 5.)

Under other circumstances, this Court would order Jackson to submit further documentation clarifying the status of the co-plaintiffs listed in the complaint. Many other aspects of this lawsuit, though, are similarly muddled. The complaint names several defendants (including both United States senators for the State of Minnesota) who, by all indications, have no relationship whatsoever to the events at issue in the litigation. Jackson has further complicated matters by requesting to add still another defendant, Governor Tim Walz, without explanation of why he believes he is entitled to

legal redress against Walz.[1] Put another way, it is unclear *who* is prosecuting this action, and it is unclear *why* it is being prosecuted against many of the named defendants.

The most substantial problem for Jackson, however, is that the complaint and the accompanying documents do not state a plausible claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662

---

[1] Jackson has filed two motions that can, at least in part, be interpreted as motions to amend his complaint. (*See* Dkts. 7 & 10.) Jackson is entitled to amend his complaint once as a matter of course prior to service of process being effected, with no advance permission of the Court required. *See* Fed. R. Civ. P. 15(a). Accordingly, this Court recommends that the motions be denied as moot. But because Jackson has not submitted a document that can reasonably be interpreted as an amended complaint, this Court continues to construes the original complaint as remaining the operative pleading in this matter.

(2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Jackson's factual allegations are scattered throughout the documents that he has submitted during the course of this litigation. Some of the allegations, such as those related to the validity of a 1999 juvenile conviction and the lawfulness of more recent searches of Jackson's property, are or have been the subject of other litigation in this District. *See, e.g.*, *Jackson v. Ossell*, No. 17-CV-5483 (JRT/BRT) (D. Minn.). Even where the allegations appear to be unique to this litigation, however — such as where Jackson alleges that his recent eviction was unlawful — Jackson fails to adequately explain why, precisely, he believes he is entitled to legal redress. In fact, this is a hallmark of Jackson's submissions in this case: conclusory claims that his rights have been violated, but with insufficient factual allegations to establish, even if those allegations were proved, that the named defendants violated the law. This is insufficient to state a viable claim upon which relief may be granted.

For all these reasons, it is recommended that this matter be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of plaintiff Howard G. Jackson, Jr. (Dkt. 2) be **DENIED**.

3. Jackson's motion to appeal eviction (Dkt. 3) be **DENIED WITHOUT PREJUDICE**.

4. Howard's motions to amend (Dkts. 7 & 10) be **DENIED AS MOOT**.

Dated: August 13, 2019                *s/Elizabeth Cowan Wright*
                                      ELIZABETH COWAN WRIGHT
                                      United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).