# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| HOWARD G. JACKSON, JR., HOWARD G. JACKSON SR., AND LIZ MOORE, | Case No. 19-CV-1429 (NEB/ECW) |
| Plaintiffs, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| DEPARTMENT OF HUMAN SERVICES, DEPARTMENT OF PUBLIC SAFETY, ST. PAUL POLICE DEPARTMENT, AMY KLOBUCHAR, MELISSA HORTMAN, TINA SMITH, RYAN WINKLER, LIZ OLSON, JAMIE BECKER FINN, AND PUBLIC HOUSING – GRH HOUSING – HUD HOUSING. | |
| Defendants. | |

Plaintiff Howard G. Jackson, Jr. filed this *pro se* lawsuit on behalf of himself and his parents alleging violations of his constitutional and statutory rights. [ECF No. 1.] Jackson seeks *in forma pauperis* ("IFP") status to proceed with his suit without paying the filing fee. [ECF No. 2.] He has also filed various motions, seeking to appeal an eviction [ECF No. 3] and to amend his complaint [ECF Nos. 7 & 10].

The August 13, 2019 Report and Recommendation of United States Magistrate Judge Elizabeth Cowan Wright [ECF No. 12 ("R&R")] recommends that, although Jackson may qualify financially for IFP status, the action should be dismissed without

prejudice under 28 U.S.C. § 1915(e)(2)(B) because the complaint and the accompanying documents do not state a plausible claim on which relief may be granted. R&R at 3–4. It then recommends denying Jackson's request for IFP status and his remaining motions. R&R at 4–5.

"Without objections, a district court is under no obligation to review the factual or legal conclusions of such a report, absent requirements from the Circuit in which it sits." *Reed v. Curry Concrete Constr., Inc.*, No. 10-CV-4329 (JRT/LIB), 2011 WL 2015217 at *2 (D. Minn. May 23, 2011). When a party "does not cite any reason why [the R&R is] incorrect, nor any basis for [the] Court to reach a different outcome," the Court reviews the Magistrate Judge's recommendations for clear error. *Id.* (quoting *Togba v. United States*, No. 01-CV-1916 (JFT/FLN), 2002 WL 31185861 at *2 (D. Minn. Sept. 30, 2002)) (collecting cases).

Jackson has filed a "Motion to Object and to Amend Plaintiff to Witness Remove to Witness." [ECF No. 14.] That document points to no particular findings in the R&R and does not respond to the R&R's reasoning. Instead, it appears to be another attempt by Jackson to amend his pleadings. The Court finds no clear error in the R&R's determination that the action should be dismissed. Jackson's submissions plead "conclusory claims that his rights have been violated, but with insufficient factual allegations to establish, even if those allegations were proved, that the named defendants violated the law." R&R at 4. "[E]ven pro se litigants must set [their allegations] forth in a

manner which, taking the pleaded facts as true, states a claim as a matter of law." *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981). The Court notes that, even considering the additional factual allegations set forth in Jackson's "Motion to Object and to Amend Plaintiff to Witness Remove to Witness," [*see generally* ECF No. 14], the pleadings are insufficient to state a claim. Accordingly, dismissal without prejudice is proper under 28 U.S.C. § 1915(e)(2)(B), and Jackson's various pending motions should also be denied.

Finding no clear error, and based upon all the files, records, and proceedings in the above-captioned matter, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation [ECF No. 12] is ACCEPTED;

2. The action is DISMISSED WITHOUT PREJUDICE;

3. Jackson's application to proceed *in forma pauperis* [ECF No. 2] is DENIED;

4. Jackson's Motion to Appeal Eviction [ECF No. 3] is DENIED WITHOUT PREJUDICE; and

4. Jackson's motions to amend [ECF Nos. 7 & 10] are DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 15, 2019

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge